1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JAMAL GARDNER,

11

Petitioner,

v.

12

WARDEN, FEDERAL DETENTION
CENTER, SEATAC,

13

14

Respondent.

CASE NO. 2:24-cv-01413-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: October 23, 2024

15    The District Court has referred this action to United States Magistrate Judge Grady J.

16  Leupold. On August 30, 2024, Petitioner Jamal Gardner, a federal prisoner currently confined at

17  the United States Penitentiary in Victorville, California ("USP-Victorville"), filed a Petition for

18  writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. In the Petition, Petitioner requests to

19  be released on medical grounds to home confinement or a residential reentry management center

20  ("RRM"). *Id*. at 3. For the reasons set forth below, the Court recommends the Petition (Dkt. 1) be

21  **CONSTRUED** as a Motion for sentence modification (compassionate release) and filed in

22  Petitioner's original case at *United States v. Gardner*, No. 2:21-cr-00191-RAJ-1 (W.D. Wash.

23

24

REPORT AND RECOMMENDATION - 1

2021) (Jones, J.). The Court further recommends this federal habeas action be **DISMISSED**

**without prejudice** and that this case be **CLOSED**.

## I.      BACKGROUND

In the Petition, Petitioner states that, on June 7, 2024, the Honorable Richard A. Jones

sentenced Petitioner to a term of imprisonment of 14 months for a violation of his supervised

release. Dkt. 1 at 2, 9; *see United States v. Gardner*, No. 2:21-cr-00191-RAJ-1 (W.D. Wash.

2021). As a result, Petitioner's projected release date is April 10, 2025. Dkt. 1 at 9. However,

Petitioner seeks immediate release herein from incarceration on medical grounds to home

confinement or an RRC, due to the Bureau of Prisons ("BOP") medical staff's alleged failure to

address his ongoing medical conditions which he claims are life-threatening. *Id*. at 9–15.

In support, Petitioner attaches nearly 100 pages of his medical records from his time in

BOP custody. Dkt. 2 (Sealed). Petitioner alleges these records, as well as the "widely known"

BOP staff shortages and lack of oversight, demonstrate a deliberate indifference to his serious

medical needs in violation of the Eighth Amendment. Dkt. 1 at 12–15. He further asserts that he

has filed a request for administrative remedies with the BOP over the lack of attention to his

medical needs, but, to date, has received no response. Dkt. 1 at 15.

## II.      DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by

which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952,

955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255

allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution

or laws of the United States" to "move the court which imposed the sentence to vacate, set aside

or correct the sentence." 28 U.S.C. § 2255. In contrast, 28 U.S.C. § 2241 provides an avenue for

REPORT AND RECOMMENDATION - 2

1    prisoners to "challenge the manner, location, or conditions of a sentence's execution," and such

2    petitions must be brought in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th

3    Cir. 2000).

4        Here, based on the facts set forth in the Petition, it does not appear Petitioner is

5    challenging his federal sentence under either § 2255 or § 2241. Rather, the Court finds the

6    Petition should be construed as a Motion for sentence modification (compassionate release)

7    under 18 U.S.C. § 3582(c)(1).

8        Section 3582(c)(1), as amended by the First Step Act of 2018 ("FSA"), "allows certain

9    inmates to seek a form of sentence modification," commonly referred to as compassionate

10    release, "by filing motions to that effect with the district court." *United States v. King*, 24 F.4th

11    1226, 1228 (9th Cir. 2022). Under Section 3582(c)(1), district courts have the authority to reduce

12    a sentence upon the defendant's motion if three conditions are met: (1) the defendant has either

13    exhausted all administrative rights to appeal BOP's failure to bring such a motion on the

14    defendant's behalf or has waited until 30 days after the warden of the defendant's facility has

15    received such a request; (2) the defendant has established "extraordinary and compelling

16    reasons" warranting a sentence reduction; and (3) the reduction is consistent with "applicable

17    policy statements" issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see*

18    *also Riley v. United States*, No. 2:19-cv-1522-JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr.

19    10, 2020). If the inmate meets all three conditions, the court must consider the sentencing factors

20    set forth in 18 U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See*

21    18 U.S.C. § 3582(c)(1)(A).

22        Furthermore, it is the sentencing court that has jurisdiction to consider motions to modify

23    a defendant's sentence under 18 U.S.C. § 3582(c). *See United States v. Shkambi*, 993 F.3d 388,

24

REPORT AND RECOMMENDATION - 3

1   390 ("§ 3582(c) authorizes the BOP or prisoner under certain circumstances to file a post-

2   judgment 'motion' for modification of a sentence. It is plain from the text of § 3582 that such a

3   'motion' shall be filed . . . in the same docket that contains the prisoner's final judgment.");

4   *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those

5   motions [for compassionate release under 18 U.S.C. § 3582(c)(1)(A)] to be addressed to the

6   sentencing court[.]"); *Macias v. Bradley*, No. CV 20-7114, 2020 WL 6681250, at *2 (C.D. Ca.

7   Nov. 10, 2020).

8        Here, Petitioner was previously sentenced by this Court's Honorable Richard A. Jones.

9   *See United States v. Gardner*, No. 2:21-cr-00191-RAJ-1 (W.D. Wash. 2021). Accordingly, the

10  Court recommends transferring Petitioner's filing (Dkt. 1) to that case number for consideration

11  as a Motion for a sentence modification (compassionate release) under 18 U.S.C. § 3582(c)(1).

12                            **III.    CONCLUSION**

13       For the reasons discussed herein, the Court recommends the federal habeas petition (Dkt.

14  1) be **CONSTRUED** as a Motion for sentence modification (compassionate release) under 18

15  U.S.C. § 3582(c)(1), and the Motion (Dkt. 1) and exhibits (Dkt. 2) be filed in the matter *United*

16  *States v. Gardner*, No. 2:21-cr-00191-RAJ-1 (W.D. Wash. 2021) (Jones, J.). Additionally, the

17  Court recommends this federal habeas petition action be **DISMISSED without prejudice** and

18  that this case be **CLOSED**.

19       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

20  shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

21  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

22  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

23  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

24

REPORT AND RECOMMENDATION - 4

1   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

2   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October

3   23, 2024, as noted in the caption.

4          Dated this 9th day of October, 2024.

7          Grady J. Leupold
           United States Magistrate Judge

REPORT AND RECOMMENDATION - 5